**Antonio Alvarez MORENO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–71464.

United States Court of Appeals, Ninth Circuit.

---

District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Filed March 1, 2007.

Philippe Dwelshauvers, Esq., Fresno, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Bryan S. Beier, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Antonio Alvarez Moreno, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings. We review the denial of a motion to reopen for abuse of discretion, *see Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), amended by 404 F.3d 1105 (9th Cir.2005), and we deny in part, and dismiss in part the petition for review.

The BIA did not abuse its discretion when it determined that Alvarez Moreno's motion to reopen was untimely. *See* 8 C.F.R. § 1003.2(c)(2) (an alien seeking to reopen proceedings before the BIA must file the motion to reopen no later than 90 days after the final administrative decision). Alvarez Moreno failed to present evidence that he exercised diligence in dis-

covering his prior counsel's errors. *See Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling is available to a petitioner who establishes that he suffered from deception, fraud or error, and exercised due diligence in discovering such circumstances).

We lack jurisdiction to consider the BIA's earlier order summarily affirming the IJ's order denying Alvarez Moreno's application for cancellation of removal because he failed to petition this court for review of that decision. *See Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995) (holding that Congress "envisioned two separate petitions filed to review two separate final orders").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.